UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN KOLKOWSKI, | : | Case No. 1:02CV1216 |
| | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| Plaintiff, | : | |
| v. | : | |
| | : | ORDER |
| GOODRICH CORPORATION. | : | |
| | : | |
| Defendant. | : | |

Before the Court are Plaintiff Brian Kolkowski's ("Kolkowski") *Motion for Attorney Fees and Expense*s (Doc. 70), *Motion for Status Report* (Doc. 71), and *Motion for a Status Report With Proposed Order Regarding Damages* (Doc. 74).  For the reasons explained below, Kolkowski's *Motion for Attorney Fees and Expenses* is **GRANTED** in part and **DENIED** in part.  Kolkowski's *Motion for Status Report* (Doc. 71), and M*otion for a Status Report With Proposed Order Regarding Damages* (Doc. 74), to the extent they request relief, are **DENIED** as moot.

I.     BACKGROUND.

On March 21, 2008, in a lengthy opinion, the Court explained precisely what damages were due in this matter and how they were to be computed.  The only tasks the Court left to the parties were to calculate the judgment interest due Kolkowski under the statutory scheme set forth in 28 U.S.C. § 1961, and to resolve the issue of attorneys' fees.

II.     DISCUSSION.

The parties, who have proven unable to resolve even the most routine of tasks without the Court's intervention, cannot agree upon either the rate at which prejudgment or post judgment interest is assessed, or the amount of attorneys' fees.  As such, the Court finds and orders as follows:

### A.      Prejudgment Interest.

Having reviewed the parties' submissions and examined relevant precedent, the Court finds that the rate of prejudgment interest applicable here is the rate in effect at the time Kolkowski should have received his full severance package.  Thus, Kolkowski's prejudgment interest should be computed beginning at the rate in effect under 28 U.S.C. § 1961, on March 16, 2001, two weeks after his termination.  Because the prejudgment interest period spans multiple years, the rate should be calculated by using the average rate for each year, and compounded annually.[1]  See Caffey v. Unum Life Insurance, 302 F.3d 576, 585 (6th Cir. 2002); Ford v. Uniroyal Pension Plan, 154 F.3d 613, 616 (6th Cir. 1998).  Upon review, the Court finds that this blended prejudgment interest rate will fairly compensate Kolkowski for the lost value of the money withheld from him prior to judgment.

### B.      Post Judgment Interest.

As Kolkowski points out, the Court has less discretion when it comes to establishing a post judgment interest rate.  Indeed, both parties agree that post judgment interest, even where the interest

---

[1] In 2001, the rate should be calculated by averaging the rates in effect from March 15, 2001 through December 31, 2001.  In 2006, the rate should be calculated by averaging the rates in effect from January 1, 2006 through July 18, 2006 – the date upon which post judgment interest began to accrue.  Interest should be awarded for fractional periods, and not as suggested by Defendant's chart – Kolkowski should not receive interest for the entirety of 2001, nor should he lose prejudgment interest for the first several months of 2006 (or, indeed, post judgment interest on $130,000 from July 18, 2006 through December 23, 2006 when that sum was paid).  (See Doc. 77 at 6).  Instead, for example, the parties are to find the blended prejudgment interest rate for the period from January 1, 2006 through July 17, 2006, and multiply that amount by the total amount due.  That sum should be divided by 365 to find a daily interest amount, and that daily interest amount should be multiplied by the number of days from January 1, 2006 to July 17, 2006, inclusive.  Post judgment interest for fractional years should be calculated in a similar fashion.  The $130,000 payment, for instance, accrued post-judgment interest at a similarly ascertainable daily rate from July 18, 2006 through December 23, 2006, when the sum was paid to Kolkowski.

2

period spans multiple years, should run at a flat rate from the date of judgment until damages are paid. Here, the Court finds that the date of judgment 0for purposes of calculating a post judgment interest rate is July 18, 2006. See Skalka v. Fernald Environmental Restoration Management Corp., 178 F.3d 414, 427-28 (6th Cir. 1999) ("The parties dispute whether post-judgment interest . . . accrued from the date on which the district court entered an initial judgment memorializing the verdicts or from the later date on which the court entered a final, appealable judgment . . . . We hold that interest runs from the date of the initial judgment."). The relevant rate of interest, therefore, is 5.24%, and it should be applied to unpaid sums due from July 18, 2006 until the sum was paid to Kolkowski.

C.      Attorneys' Fees.

The parties' disagreement over the amount of attorneys' fees stems from Defendant's objection to the inclusion of time spent by Plaintiff's counsel on various "failed" motions. Plaintiff responds by claiming that such fees are appropriate under the Employee Protection Plan ("EPP").

Having considered the parties arguments, the Court finds that Ms. Knecht is entitled to a fee award in the amount of $15,360, representing the time Ms. Knect spent on the case at $150 per hour. The Court finds an expense award of $903.03 is also appropriate. The Court declines to award the full $30,720 amount of the fees sought by Plaintiff for a host of reasons.

As an initial matter, throughout the briefing, Plaintiff has vigorously argued that his attorneys' fees are not governed by a fee shifting statute, but, instead, are governed by the EPP which permits "any and all attorney's and related fees and expenses incurred by a Covered Employee to . . . enforce [the EPP.]" (See Doc. 76, at 2-3). In its previous Order, the Court found that to "incur" under the EPP meant "to become liable for." Here, counsel for Plaintiff has admitted

3

that she billed Plaintiff at the reduced rate of $150 per hour with the understanding that Plaintiff would *seek* (not pay) her full rate of $300 per hour when it became time to petition the Court for fees.  There is no evidence that Kolkowski has become liable to his counsel for the full $300 per hour fee, or to pay any more than the $150 per hour billed to him in the event the Court determined Ms. Knecht's fees were otherwise inappropriate.  Thus, because he is only liable to pay the bills submitted to him by his counsel, the Court finds that Kolkowski has only *incurred* fees of $150 per hour and, accordingly, that the $15,360 award is appropriate.

In any event, to the extent Plaintiff seeks to change his position (See Doc. 70, at 2.) by arguing that fees should be awarded by statute because he is the prevailing party in an ERISA case, the Court would also find the reduction in the fee amount appropriate.  As Defendant points out, a significant amount of Plaintiff's counsel's fees resulted from Plaintiff's pursuit of unsuccessful motions (a motion to amend, and a motion to "protect the statute of limitations").  Indeed, after hearing the parties' oral arguments on those issues during a lengthy status conference, the Court explained that it felt these motions were unwarranted and would likely be unsuccessful.  During the same status conference, the Court also rejected Plaintiff's assertion that he was entitled to an attorney fee for his *pro se* work in the matter and declined to permit Plaintiff to continue to seek various categories of discovery that were unnecessary and burdensome.  Though Plaintiff abandoned his discovery requests (which the Court would not have awarded fees for), Plaintiff proceeded to file unsuccessful written motions on the subjects that were covered during the status hearing.  As a result, Plaintiff engaged in the expenditure of resources that the Court finds unreasonable and unnecessary.

**III.     CONCLUSION.**

For the reasons explained below, Kolkowski's Motion for Attorney Fees and Expenses is **GRANTED** in part and **DENIED** in part.  Kolkowski's Motion for Status Report (Doc. 71), and Motion for a Status Report With Proposed Order Regarding Damages (Doc. 74), to the extent they request relief, are **DENIED** as moot.  In accordance with the instructions above, the parties will provide the Court with a proposed judgment entry by August 15, 2008.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated:  July 23, 2008**

5